[No. 22009. Department One. January 9, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. GUS MAKIS, *Appellant.*[1]

*John D. Ehrhart* and *Geo. D. Abel,* for appellant.
*Austin M. Wade* and *A. P. Wilson,* for respondent.

BEALS, J.—Defendant was charged by information filed by the prosecuting attorney for Grays Harbor county with the crime of operating a gambling game, the charging part of the information reading as follows:

"That he, the said defendant, Gus Makis, in the county of Grays Harbor, state of Washington, on or about the 31st day of December, 1928, then and there being, did then and there wilfully, unlawfully and feloniously open, conduct, carry on, and operate, as owner, manager, agent, dealer, clerk or employee, a certain gambling game, the same being a game of chance, played with dice, upon which money was bet and wagered, the said game being so operated in what is known as the Blue Front Cigar Store, at No. 308 9th street, Hoquiam, Washington."

To this information defendant pleaded not guilty;

[1]Reported in 283 Pac. 680.

his trial resulted in a verdict of guilty, and from judgment entered thereon and sentence pursuant thereto, he appeals.

Appellant makes several assignments of error, his main contention being that the evidence was insufficient to justify his conviction.

Section 2469, Rem. Comp. Stat., under which appellant was charged, reads as follows:

"Every person who shall open, conduct, carry on or operate, whether as owner, manager, agent, dealer, clerk, or employee, and whether for hire or not, any gambling game or game of chance, played with cards, dice, or any other device, or any scheme or device whereby any money or property or any representative of either, may be bet, wagered or hazarded upon any chance, or any uncertain or contingent event, shall be a common gambler, and shall be punished by imprisonment in the state penitentiary for not more than five years."

The state's testimony showed, in effect, that appellant was in the employ of the "Blue Front Cigar Store," in the city of Hoquiam, an establishment where tobacco, soft drinks and lunches were sold; that, about nine o'clock in the evening, December 31, 1928, three officers of the law, executing a warrant that had been issued directing the search of the premises above referred to, ascended a flight of stairs in the store building in which the business was located and knocked at a locked door near the head of the stairway. Appellant opened the door and admitted the officers to a small unlighted room, where they read the search warrant to appellant, whereupon he called out certain words in a foreign language which the officers did not understand, and started towards a larger room in the rear. The officers intercepted appellant and preceded him into the back room, where they found a canvas covered table, about four feet by seven, surrounded

by a railing a few inches in height. In the room were several men, three or four Greeks and one Italian, standing or sitting around the table, engaged in hurriedly gathering up money therefrom. One of the officers asked the men what they were doing there, and testified that one of them, in the presence of appellant, said they were shaking dice, a pair of dice being found in the pocket of the overcoat worn by one of the men. The windows in the room where the table was located were covered with blankets.

Appellant contended that he and his friends were arranging for a New Year's feast and were making up a purse to buy provisions therefor at the time the officers entered the premises.

It must be remembered that appellant is not charged under Rem. Comp. Stat., § 2470, with the offense of gambling, but is charged under § 2469, *supra,* with the crime of operating a gambling game. In order to sustain a conviction under the section last referred to, the state must prove something more than merely that the accused was gambling. While the evidence might well convince a jury that appellant had been gambling, we are unable to find in the record testimony which supports the charge that appellant had opened or operated any gambling game.

The judgment appealed from is reversed with directions to dismiss the action.

MILLARD, TOLMAN, and PARKER, JJ., concur.